IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| LEWIS ALLEN INGRAM,<br><br>       Plaintiff,<br>v.<br><br>GEORGIA DEPARTMENT OF<br>CORRECTIONS, *et al.*,<br><br>       Defendants.<br>_____ | Case No. 5:20-cv-00113-TES-MTT |

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants' motion for summary judgment (ECF No. 32). For the reasons explained below, it is recommended that Defendants' motion be granted.

## BACKGROUND

Plaintiff's complaint arises from his incarceration at Washington State Prison ("WSP") in Davisboro, Georgia. Am. Compl. 5, ECF No. 7. Plaintiff alleges that on March 23, 2018, Defendants James and Brown handcuffed him too tightly during a transport to a court hearing. *Id*. He states that Defendants ignored his pleas to adjust the handcuffs and did not remove them until Plaintiff returned to WSP. *Id*. As a result, Plaintiff contends he suffered soft-tissue and nerve damage. *Id*. at 5-6.

The Court received Plaintiff's complaint (ECF No. 1) on March 20, 2020, and amended complaint (ECF No. 7) on November 9, 2020. On November 10, 2020, the Court preliminarily reviewed Plaintiff's complaint, found that he stated excessive force claims

against Defendants Brown and James, and ordered service. Order 3-5, ECF No. 9. On September 15, 2021, Plaintiff moved to amend his complaint to add Officer O'Neal as a Defendant and remove Defendant Brown. Pl.'s Mot. to Amend 2, ECF No. 26. The Court denied that motion due to Plaintiff's undue delay and the futility of his proposed amendment. Order 1-5, Oct. 6, 2021, ECF No. 30.

Defendants filed their motion for summary judgment (ECF No. 32) on November 5, 2021. On the same day, the Court notified Plaintiff of his right to respond to Defendants' motion. Order 1-3, Nov. 5, 2021, ECF No. 33. The Court received Plaintiff's response (ECF No. 34) on November 29, 2021. Defendants filed their reply (ECF No. 36) on December 13, 2021. The Court received Plaintiff's sur-reply (ECF No. 37) on January 19, 2022.[1] Defendants' motion is ripe for review.

## DISCUSSION

Defendants move for summary judgment, arguing (1) Plaintiff's claims against them in their official capacities are barred by the Eleventh Amendment and § 1983, (2) Plaintiff fails to show an Eighth Amendment violation, and (3) Defendants are entitled to qualified immunity. Defs.' Br. in Supp. of Mot. for Summ. J. 5-13, ECF No. 32-1. The Court agrees and recommends that Defendants' motion be granted on all three grounds.

---

[1] The Court subsequently received Plaintiff's motion for leave to file a sur-reply (ECF No. 39) on February 8, 2022. Plaintiff did not adhere to the Local Rules in filing a sur-reply brief in that he did not seek leave from the Court within fourteen (14) days of Defendants' reply. M.D. Ga. Local R. 7.3.1. Nevertheless, given Plaintiff's *pro se* status, the Court has considered Plaintiff's brief in resolving the pending motion for summary judgment. As such, Plaintiff's motion (ECF No. 39) is **DENIED as moot**.

I. **Summary Judgment Standard**

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id*. at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id*.

II. **Undisputed Material Facts**

On March 23, 2018, while housed at WSP, Plaintiff was scheduled to appear for a court hearing in Washington County. Defs.' Statement of Material Facts ¶ 4, ECF No. 32-2; Pl.'s Statement of Material Facts ¶ 7, ECF No. 34-3. That morning, Plaintiff was escorted to medical to await transportation to the hearing. Defs.' Statement of Material Facts ¶ 7; Pl.'s Statement of Material Facts ¶ 9. Officer Terry Primus and Defendant Rodney James made up the transportation team. Defs.' Statement of Material Facts ¶ 11; Pl.'s Statement of Material Facts ¶ 25. When they arrived, the transportation team was behind schedule and "noticeably hurried" as they completed the transportation process. Defs.' Statement of Material Facts ¶¶ 9-10. 13-14; Pl.'s Statement of Material Facts ¶¶ 11, 13. This process consisted of confirming each prisoner's identity, strip searching, and handcuffing them. Defs.' Statement of Material Facts ¶ 13; Pl.'s Statement of Material

3

Facts ¶¶ 13, 25.  According to Plaintiff, Officer Primus and Defendant James secured Plaintiff's metal handcuffs too tightly.  Defs.' Statement of Material Facts ¶ 24; Pl.'s Statement of Material Facts ¶ 14.

Plaintiff and the transportation team left WSP for Washington County Courthouse at 9:30 a.m.  Defs.' Statement of Material Facts ¶ 19; Pl.'s Statement of Material Facts ¶ 31.  Though Plaintiff requested throughout the day for the handcuffs to be loosened, his requests were evaded.  Pl.'s Dep. 30:01-30:13, ECF No. 32-3.  When they returned that afternoon around 3:15 p.m., the handcuffs were finally removed.  *Id*. at 30:23-31:04.  Plaintiff noticed marks on his wrists and numbness in his left arm.  *Id*. at 31:03-31:04.  He proceeded to fill out a sick-call request form, complaining that the tight handcuffs caused these injuries.  Defs.' Statement of Material Facts ¶ 24; Pl.'s Statement of Material Facts ¶ 42.  Plaintiff attended a medical consult a week later where he was prescribed pain medication for thirty days.  Defs.' Statement of Material Facts ¶ 25; Pl.'s Statement of Material Facts ¶ 45.  Plaintiff later received physical therapy to assist his pain.  Defs.' Statement of Material Facts ¶ 27; Pl.'s Statement of Material Facts ¶ 46.

### III.     Official Capacity Claims

Defendants argue they are entitled to summary judgment on Plaintiff's claims for monetary damages against them in their official capacities because the Eleventh Amendment and the text of 42 U.S.C § 1983 bar such claims.  Defs.' Br. in Supp. of Mot. for Summ. J. 5-6.  The Court agrees and recommends that Defendants' motion be granted on this ground.

The Georgia Department of Corrections ("GDC") is an agency of the State of

Georgia, and Defendants Brown and James are employees of the GDC. GDC employees are entitled to Eleventh Amendment immunity for claims against them in their official capacities. "Official capacity suits for damages against employees of a state agency are suits against the state agency." *Ferguson v. Ga. Dep't of Corr.*, 428 F. Supp. 2d 1339, 1352 (M.D. Ga. 2006). "A suit against a governmental entity which is considered an 'arm of the state'—such as the GDC—is a suit against the State." *Id*. (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). "[T]he Eleventh Amendment to the United States Constitution bars a § 1983 action against the State of Georgia and the [GDC] unless the State either consents to suit or waives its sovereign immunity with regard to § 1983 claims—neither of which has happened here." *Id*. Plaintiff's claims against Defendants Brown and James in their official capacities for monetary damages are barred by the Eleventh Amendment, and Plaintiff cannot recover monetary damages against Defendants Brown and James in their official capacities.

Additionally, GDC employees, as state officials acting in their official capacities, are not considered "persons" for purposes of § 1983. *Will*, 491 U.S. at 71; *see also Ferguson*, 428 F. Supp. 2d at 1352-53. Since § 1983 requires that a "person" deprive a plaintiff of his constitutional rights, the lack of a "person" in this case establishes an independent ground for the denial of Plaintiff's claims. *Will*, 491 U.S. at 71. Therefore, Plaintiff may not raise claims against Defendants in their official capacities.

## IV. Excessive Force Standard

In order to establish that a defendant exercised excessive force, a plaintiff must show (1) "the officials acted with a sufficiently culpable state of mind" and (2) "the alleged

wrongdoing was objectively harmful enough to establish a constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (internal quotation marks omitted). Whether an Eighth Amendment constitutional violation for excessive force occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or" whether the force was applied "maliciously and sadistically for the very purpose of causing harm." *Id*. at 6 (internal quotation marks omitted).

In order to determine if "force was used maliciously and sadistically" to cause harm, the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks omitted). "When considering these factors, we give a wide range of deference to prison officials acting to preserve discipline and security[.]" *Fennell v. Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (internal quotation marks omitted). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Wilkins v. Gaddy*, 599 U.S. 34, 37 (2010).

A.    Defendants' Motion

Defendants argue that Plaintiff has not shown he was subjected to excessive force in violation of the Eighth Amendment. Defs.' Br. in Supp. of Mot. for Summ. J. 6-10. Specifically, they contend that Plaintiff cannot demonstrate the force used in handcuffing him was excessive or that Defendants intended to cause harm. *Id*. The Court agrees and

6

recommends that Defendants' motion be granted on these grounds.

The Eleventh Circuit has held that "[p]ainful handcuffing, without more, is not excessive force[.]" *Rodriguez v. Farrell*, 280 F.3d 1341, 1351-52 (11th Cir. 2002); *see also Gold v. City of Miami*, 121 F.3d 1442, 1446 (11th Cir. 1997) (officer's applying handcuffs tightly, resulting in skin abrasions, was a de minimis use of force). Similarly, here, Plaintiff has failed to demonstrate that the force was excessive. Though he remained handcuffed for several hours, Plaintiff suffered no more than marks on his wrists and numbness in his left arm. While he states he "was diagnosed with possible soft tissue injury to the shoulder and possible nerve damage on his left arm" he cites no medical records indicating such diagnoses. Pl.'s Statement of Material Facts ¶ 47. Rather, the medical records—dated almost a year after the incident—show unremarkable x-ray findings in Plaintiff's left shoulder and an ultimate diagnosis of chronic left shoulder pain. Pl.'s Ex. Pd, at 1, ECF No. 34-9. Plaintiff has therefore failed to show that the injury caused by the handcuffs was substantial or that the force used was more than *de minimis*.

Moreover, Plaintiff has not demonstrated Defendants' use of force was malicious or sadistic. Plaintiff admits that Defendant Brown was not present when the incident occurred. Pl.'s Statement of Material Facts ¶ 8. While Defendant James did participate in handcuffing Plaintiff, his use of force was for the purpose of transporting Plaintiff to and from court. Plaintiff concedes that restraining prisoners is part of the transportation process. Pl.'s Dep. 29:22-30:01, 85:12-85:17. Thus, Defendant Jones' use of force in handcuffing Plaintiff was done "in a good-faith effort to maintain . . . discipline[.]" *Hudson*, 503 U.S. at 7.

## V.   Qualified Immunity Standard

"[Q]ualified immunity offers complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." *Oliver v. Fiorino*, 586 F.3d 898, 904 (11th Cir. 2009) (internal quotation marks omitted). A defendant seeking qualified immunity must show that at the time of the alleged wrongful acts, "he was acting within the scope of his discretionary authority." *Id*. at 905. Once this is established, "the burden then shifts to the plaintiff to show that the grant of qualified immunity is inappropriate." *Id*. To do so, a plaintiff must "demonstrate: first, that the facts when viewed in light most favorable to the plaintiff establish a constitutional violation; and, second, that the illegality of the officer's actions was clearly established at the time of the incident." *Id*. (internal quotation marks omitted).

### B.   Defendants' Motion

Defendants argue that even if Plaintiff could show an Eighth Amendment violation, they are entitled to qualified immunity. Defs.' Br. in Supp. of Mot. for Summ. J. 10-13. The Court agrees and recommends that Defendants' motion be granted on this ground.

It is undisputed in this case that Defendant James acted within his discretionary authority in handcuffing and transporting Plaintiff. Because that determination is made, the burden shifts to Plaintiff to show that Defendants are not entitled to qualified immunity. For the reasons stated above, the Court determines that Plaintiff's tightly secured handcuffs did not amount to excessive force in violation of the Eighth Amendment. Therefore, Defendants are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motion for summary judgment (ECF No. 32) be **GRANTED**. Pursuant to 28 U.S.C § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 11th day of February, 2022.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE