# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **LEWIS ALLEN INGRAM,** *Plaintiff,* v. **GEORGIA DEPARTMENT OF CORRECTIONS,** *et al.*, *Defendants.* | **CIVIL ACTION NO. 5:20-cv-00113-TES-MSH** |

## ORDER DENYING PLAINTIFF'S SUPERSEDING MOTION FOR RECONSIDERATION

Before the Court is Plaintiff's Superseding Motion for Reconsideration. [Doc. 61]. Plaintiff initially filed a Motion for Reconsideration on May 27, 2022. [Doc. 60]. However, less than a week later Plaintiff filed the current Motion and asked the court to "dismiss, discard, replace [his] mistakenly incorrect postaged [sic] similar same motion to the Clerk." [Doc. 61, p. 1]. As such, the Court issued an Order terminating Plaintiff's first Motion as Moot. [Doc. 62]. Now, the Court addresses his current Motion and, as detailed below, **DENIES** it.

Pursuant to local rules, "[m]otions for reconsideration shall not be filed as a matter of routine practice." LR 7.6, MDGa. Accordingly, such motions are appropriate only if a party demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at

the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84, 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)).

Upon review, Plaintiff fails to raise an appropriate ground that justifies reconsideration. Instead of offering any new arguments based on changes to the applicable law, newly discovered evidence, or citing clear errors in the Court's Order, Plaintiff again recycles the same argument that this Court has considered time and again. In fact, Plaintiff doesn't address the Court's Order adopting the magistrate judge's Recommendation to grant summary judgment in this Motion. Instead, Plaintiff asserts that he "responds as follows for the reasons explaining below for recommending denial of defendants['] summary judgment motion." [Doc. 61, p. 1].

Despite his repeated attempts at doing so, Plaintiffs' time to respond to Defendants' Motion for Summary Judgment has expired. Plaintiff already took advantage of his opportunity to respond to Defendants' summary judgment motion—twice. *See* [Doc. 34]; [Doc. 37]. In that response and surreply, Plaintiff articulated the same arguments he puts forth in his Superseding Motion for Reconsideration. Indeed, Plaintiff made these same arguments in his purported Objection to the magistrate judge's Recommendation. *See* [Doc. 56].

2

Now, for a second time, Plaintiff attempts to inappropriately relitigate his disagreement with Defendants' summary judgment motion. In order for the Court to grant the relief Plaintiff requests—that is, reconsideration of its Order adopting the magistrate judge's Recommendation—he must provide *new* evidence or a change in the law. Or, he must argue that the Court erroneously adopted the Recommendation and that to allow it to stand would cause manifest injustice. He hasn't done that in this case. Consequently, he fails to provide a reason why the Court should reconsider its Order, and as such it **DENIES** his Superseding Motion for Reconsideration. [Doc. 61]. The Court will not reconsider its earlier ruling and it stands.

**SO ORDERED**, this 7th day of June, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**